UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DARLENE K. BOURDO, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:06-cv-862 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| _____) | |

      This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) or supplemental security income (SSI) benefits. The Social Security Administration assigned protective filing date of December 2, 2004 to the plaintiff's applications. Plaintiff claimed a May 15, 2004 onset of disability.[1] (A.R. 53-65). Plaintiff's claims were denied on initial review. (A.R. 22-31). On March 14, 2006, plaintiff received a hearing before an administrative law judge at which she was represented by counsel. (A.R. 278-321). On May 15, 2006, the ALJ issued a decision denying plaintiff's applications for DIB and SSI benefits. (A.R. 14-21). On November 3, 2006, the Appeals Council denied review (A.R. 5-7), and the ALJ's decision became the Commissioner's final decision. On December 7, 2006, plaintiff filed her complaint

_____

[1]Plaintiff's brief and reply brief erroneously state that plaintiff's alleged onset of disability was May 15, 2005. (docket # 9 at 1, 7 and docket # 11 at 1). Plaintiff never amended her alleged onset of disability date of May 15, 2004.

seeking judicial review of the Commissioner's decision denying her claims for DIB and SSI benefits. Plaintiff argues that the court should overturn the Commissioner's decision on the following ground:

> The ALJ committed reversible error by not properly considering the [opinion of a] consulting physician and by instead relying on the opinion of a non-examining physician.

(Statement of Error, Plaintiff's Brief at 7, docket # 9). Upon review, I find that plaintiff's argument does not provide any basis for disturbing the Commissioner's decision. I recommend that the Commissioner's decision be affirmed.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record

substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

### Discussion

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from her alleged onset of disability of May 15, 2004, through the date of the ALJ's decision. (A.R. 14, 16). He found that the work plaintiff had performed after her alleged onset of disability did not rise to the level of substantial gainful activity. (A.R. 16-17). The ALJ found that plaintiff had a severe impairment of "degenerative disc disease of the lumbar spine." (A.R. 17). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 17). The ALJ determined that plaintiff's

subjective complaints were not fully credible. (A.R. 18-20). The ALJ found that plaintiff retained the following residual functional capacity (RFC):

> [T]he undersigned finds that the claimant has the residual functional capacity to lift a maximum of 35 pounds occasionally and a maximum of 25 pounds frequently. The claimant is able to sit for about six out of eight hours and to stand or walk for six out of eight hours. She is able to perform frequent balancing and kneeling and only occasional climbing, crouching and crawling. She must avoid concentrated exposure to pulmonary irritants including smoke, gasses, and dusts and areas of poor ventilation.

(A.R. 17-18). The ALJ found that plaintiff was not disabled at step 4 of the sequential analysis, because plaintiff's past relevant work as an injection mold machine operator, as the job is generally performed in the national economy, did not require the performance of work-related activities precluded by plaintiff's RFC. (A.R. 20-21). The ALJ held that plaintiff was not disabled during the two-year period from May 15, 2004 through May 15, 2006. (A.R. 21).

### 1.

Plaintiff disagrees with the exertional component of the ALJ's RFC determination. The ALJ made a factual finding that plaintiff retained the RFC "to lift a maximum of 35 pounds occasionally and a maximum of 25 pounds frequently." (A.R. 17). This RFC determination tracks the physical residual functional capacity assessment made by state agency physician, Vimala H. Sethy, M.D., Ph.D. (A.R. 217-25). RFC is the most, not the least, a claimant can do despite her impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). RFC is a determination made by the ALJ based upon all the evidence within the record. *Walters*, 127 F.3d at 530; *Bingaman v. Commissioner*, 186 F. App'x 642, 647 (6th Cir. 2006). Among other things, the ALJ observed that plaintiff's January 6, 2006 lumbar spine x-rays showed only mild degenerative changes. Plaintiff had full muscle strength in her extremities and no paravertebral muscle spasm. Plaintiff's straight

leg raising tests were unremarkable. Her gait was normal, and she could walk on her heels and toes. Plaintiff "had never had back surgery." (A.R. 20).

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ gave greater weight to the opinion of Dr. Sethy, a non-examining physician (A.R. 217-41) than he gave to the opinion of June Hillelson, D.O., a physician who performed a consultative examination on October 4, 2005. Neither was a treating physician. Plaintiff argues that, "[T]his is a case which is decided contrary to Sixth Circuit case law which specifically prevents the ALJ from rejecting the opinion of a consulting physician based on the opinion of a non-examining physician save under very specific circumstances." (Plf. Brief at 7) (citing *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994)). There is no such Sixth Circuit rule.[2] If anything, the *Barker* decision cited by plaintiff undermines her argument. In *Barker*, the Sixth Circuit rejected the plaintiff's argument that an examining physician's opinion was entitled to greater weight than the opinion of a medical advisor because the latter had not personally examined the claimant. 40 F.3d at 794. The Sixth Circuit held that a consultative examiner's report "was entitled to no special degree of deference." *Id.*

Dr. Hillelson examined plaintiff on October 4, 2005. (A.R. 203-11). Dr. Hillelson was not a treating physician, and the special rules regarding a treating physician's opinions are inapposite. *See Kornecky v. Commissioner*, 167 F. App'x 496, 507-08 (6th Cir. 2006). Dr. Hillelson noted that plaintiff's extremities did not have any clubbing, cyanosis, or edema (A.R. 205), and that

---

[2]Social security regulations classify "acceptable medical sources into three types: nonexamining sources, nontreating (but examining) sources, and treating sources," generally according the greatest weight to the opinions of treating sources. *Smith v. Commissioner*, 482 F.3d 873, 875 (6th Cir. 2007).

the July 1, 2004 x-ray of plaintiff's lumbar spine (A.R. 189) showed "a mild scoliotic curve and mild degenerative changes." (A.R. 203). Plaintiff's motor strength was "5/5 in all muscle groups tested in the upper and lower extremities." (A.R. 205). Dr. Hillelson described plaintiff's straight leg raising tests as "unremarkable." (*Id.*). Her examination of plaintiff's dorsolumbar spine "revealed no gross deformities or paravertebral muscle spasms." (*Id.*). Plaintiff reported experiencing a "'knot' and not pain" in her neck. (A.R. 204). She stated that her back pain "involve[d] both hips and [went] down to her knees." (A.R. 203). The following statement appears within Dr. Hillelson's report:

> As to restricting her activities because of her back, neck and hip pain, she should not be performing lifting more than approximately twenty pounds either at home or at the workplace and certainly not lifting heavy patients. It would be useful to obtain a neck x-ray. The back x-ray was done in July 2004 and has already been discussed. No significant disc space reduction was noted at that time nor was there any evidence of spondylolysis or spondylolisthesis. The mild scoliotic curve that was noted on x-ray was not picked up on examination today.

(A.R. 206). Dr. Hillelson's recommendations regarding plaintiff's exertional restrictions were based on plaintiff's subjective complaints rather than objective test results. The ALJ found that plaintiff's subjective complaints were not fully credible. (A.R. 18-20). The ALJ was not required to give controlling weight to Dr. Hillelson's opinion. *Kornecky*, 167 F. App'x at 508.

Social security regulations list six factors that the ALJ is to consider in determining what weight to give medical opinions. An examining relationship is only one of the six factors: (1) examining relationship, (2) treatment relationship, (3) supportability, (4) consistency, (5) specialization, and (6) other factors, such as "the amount of understanding of [] disability programs and their evidentiary requirements that an acceptable medical source has, regardless of the source of that understanding, and the extent to which an acceptable medical source is familiar with the other

information in [the claimant's] case record." 20 C.F.R. §§ 404.1527(d), 416.927(d). "[N]o single factor is necessarily dispositive." *Matelski v. Commissioner*, No. 97-3366, 1998 WL 381361, at * 5 (6th Cir. June 25, 1998). An ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation. *Buxton*, 246 F.3d at 773; *see Pascoe v. Commissioner*, 137 F. App'x 828, 837 (6th Cir. 2005). Here, the ALJ considered the medical opinion evidence in accordance with the above-referenced regulations and social security rulings "SSRs 96-2p, 96-5p and 96-6p." (A.R. 19). The ALJ found that Dr. Sethy's opinion was entitled to greater weight because it was well supported by the record as a whole (A.R. 19), that Dr. Sethy had access to the full medical record, and that Dr. Sethy possessed extensive knowledge of social security disability programs and their evidentiary requirements. (A.R. 19). I find that plaintiff's argument does not provide a basis for disturbing the Commissioner's decision.

**2.**

The court's order directing the filing of briefs required that plaintiff's initial brief contain a statement of errors "setting forth the specific errors of fact or law upon which the plaintiff seeks reversal or remand." (docket # 8, ¶ 1). The statement of errors defines the issues that plaintiff is asserting in her appeal of the Commissioner's final administrative decision. Plaintiff's only claim of error was addressed in the previous section of this report and recommendation. A second argument appears in the body of plaintiff's brief, but was omitted from plaintiff's statement of errors:

> [S]ince Plaintiff was limited to sedentary work by the restriction from Social Security's own designated physician, she would clearly have to be found disabled under Grid Rule 12.04, since she was 53 years old (she will be 55 years old by the time that this Court decides this

>case), she did not have transferable skills and she was limited at best to sedentary work.[3] Indeed, as of her 55th birthday, either Grid Rule 202.04 or 202.06 would apply and require that the Plaintiff be awarded benefits since the ALJ limited her to light work, so a remand for that reason alone would be appropriate.

(docket # 9 at 7; *see also* Plf. Reply Brief at 2-3, docket # 11). This convoluted argument should be deemed waived because plaintiff did not comply with the express requirements of the court's March 7, 2007 order. (docket # 8, ¶ 1).

Assuming *arguendo* that the argument is not deemed waived, it is patently meritless. First, the ALJ found that plaintiff retained the RFC for light work rather than sedentary work. The ALJ's RFC determination is supported by substantial evidence for the reasons stated in section 1 of this report and recommendation. Second, plaintiff is requesting remand to the Commissioner on the basis of plaintiff's current age, rather than her age as of May 15, 2006, the date of the Commissioner's final administrative decision. On May 15, 2006, plaintiff was fifty-three years old. The ALJ never purported to determine whether plaintiff was disabled at any time after May 15, 2006. "A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)." *Hollon v. Commissioner*, 447 F.3d 477, 482-83 (6th Cir. 2006). The statute permits only two types of remand: a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the

---

[3] Plaintiff's reference to "Grid Rule 12.04" is erroneous. There is no such rule. There is a Rule 12.04 listing for affective orders, but the evidence in the administrative record does not approach satisfying the requirements of a listing-level mental impairment, and plaintiff's brief contains no substantive discussion of the "elements" of listing 12.04. From the context supplied by plaintiff's reply brief (docket # 11 at 2) and the remainder of the above-quoted sentence and paragraph, it appears that plaintiff's reference to "Grid Rule 12.04" was intended as a reference to "Grid Rule 202.04."

Commissioner's decision. *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)). The court cannot consider evidence that was not submitted to the ALJ in the sentence four context. It only can consider such evidence in determining whether a sentence six remand is appropriate. *See Foster v. Halter*, 279 F.3d at 357; *Cline*, 96 F.3d at 148; *Cotton*, 2 F.3d at 696. A sentence four remand cannot be based on the plaintiff's current age. Judicial review is based on the facts before the ALJ, not some future state of affairs.

      Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence plaintiff now presents is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding. *See Hollon*, 447 F.3d at 483; *see also Longworth v. Commissioner*, 402 F.3d 591, 598 (6th Cir. 2005); *Cline*, 96 F.3d at 148; *Balogh v. Commissioner*, 94 F. App'x 286 (6th Cir. 2004) (A sentence six remand "requires that all three elements be met."). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. Plaintiff's brief and reply brief do not address plaintiff's burden of demonstrating that remand pursuant to sentence six of 42 U.S.C. § 405(g) is appropriate. I have been unable to locate any case supporting plaintiff's apparent proposition that the increase in the claimant's age attributable to the passage of time since the ALJ issued the Commissioner's final decision provides a factual basis for a sentence-six remand.[4] Because plaintiff has not addressed or carried her burden, I recommend that plaintiff's request for remand be denied.

---

[4] The ALJ held that plaintiff was not disabled on or before May 15, 2006. If plaintiff believes that her condition deteriorated after May 15, 2006, or that she is now entitled to application of more favorable administrative standards because at age fifty-five she would be classified as a person of advanced age, plaintiff remains free to file new claims for social security benefits with the Social Security Administration.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed and that plaintiff's request for a remand be denied.


Dated:   December 14, 2007           /s/  Joseph G. Scoville
                                     United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).